## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

NAIRIN GABRIELA TOVAR
BRUCE,

       Petitioner,

v.                                                                   Case No. 6:26-cv-1092-RBD-RMN

SECRETARY MARKWAYNE
MULLIN; TODD BLANCHE;
IMMIGRATION AND CUSTOMS
ENFORCEMENT (ICE); ICE FIELD
OFFICE DIRECTOR, MIAMI FIELD
OFFICE; DEPARTMENT OF
HOMELAND SECURITY (DHS); and
SHERIFF CHRISTOPHER A.
BLACKMON,

       Respondents.
_____

## **ORDER AND INJUNCTION**

Before the Court is Petitioner Nairin Gabriela Tovar Bruce's Verified

Petition for Writ of Habeas Corpus (Doc. 1) and Motion for Temporary Restraining

Order (Doc. 2).

In this immigration case, Petitioner is a Venezuelan citizen who entered the

United States in 2024 on humanitarian parole. (Doc. 1, ¶ 1.) She applied for asylum,

and that petition is pending. (*Id.*) She was arrested for child abuse without great

bodily injury on January 18, 2026. (*Id.* ¶ 3.) That same day, Respondents issued a

I-200 warrant for Petitioner's detainer, resulting in her indefinite detention at the Osceola County Jail. (Doc. 8-3; Doc. 8, p. 4; Doc. 1, ¶ 3.) After the State dropped the charges on May 15, 2026, the Osceola County Jail kept her on the detainer until she was taken into ICE custody two days later. (Doc. 1, ¶ 4; Doc. 8, p. 4.) Respondents claim Petitioner's detention is proper under 8 U.S.C. § 1225(b)(2)(A) because she is "an arriving alien whose parole previously expired." (Doc. 8, p. 1.)

"[Section] 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, No. 25-14065, 2026 WL 1243395, at *14 (11th Cir. May 6, 2026).[1] Parole makes no difference as to whether § 1225 applies. *See Torres v. U.S. Dep't of Homeland Sec.*, No. 3:26-cv-646, 2026 WL 947955, at *5 (M.D. Fla. Apr. 8, 2026) (Corrigan, J.); *Rodriguez Valencia v. Noem*, No. 3:26-cv-297, 2026 WL 730318, at *5–6 (M.D. Fla. Mar. 16, 2026) (Howard, J.). When the Government asserts no lawful basis for a petitioner's detainer, the proper remedy is immediate release. *See Rivero v. Mina*, 817 F. Supp. 3d 1278, 1285 (M.D. Fla. 2026) (Dalton, J.).

Here, the Government detained Petitioner while she was physically present in the United States, so she is not subject to mandatory detention under § 1225. *See*

---

[1] While the Eleventh Circuit has not issued the mandate in *Hernandez Alvarez*, it is "the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc." *Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992).

*Hernandez Alvarez*, 2026 WL 1243395, at \*14. The expiration of her parole does not make her an "arriving alien" at the border. *Torres*, 2026 WL 947955, at \*5. The Government does not assert any alternative basis for Petitioner's detention, so she is entitled to immediate release. (*See* Doc. 8); *see Rivero*, 817 F. Supp. 3d at 1285.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. The Petition for a writ of habeas corpus (Doc. 1) and motion for temporary restraining order (Doc. 2) are **GRANTED** only to the extent that Petitioner's current detention under 8 U.S.C. § 1225(b)(2)(A) is unlawful, so habeas relief and an injunction are warranted. The remainder of the Petition is **DENIED WITHOUT PREJUDICE AS MOOT**. The motion for leave to file a reply (Doc. 9) is **DENIED AS MOOT** in light of this Order.

2. Respondents and all other persons or entities acting in active concert or participation with them are **PERMANENTLY RESTRAINED AND ENJOINED** from detaining Petitioner Nairin Gabriela Tovar Bruce under 8 U.S.C. § 1225.

3. Respondents are **DIRECTED** to immediately release Petitioner into her counsel's custody on receipt of this Order. If her counsel is unavailable to collect Petitioner, counsel may otherwise make arrangements with the Government's counsel to have Petitioner

safely collected from the detention facility in which she is currently held. Respondents are not permitted to release Petitioner without ensuring that she is safely collected. The Government's counsel is **DIRECTED** to liaise with Respondents and Petitioner's counsel to ensure Petitioner's safe and immediate release. Petitioner's counsel is **DIRECTED** to immediately notify the Court once Petitioner is safely released and collected.

4. Respondents are **DIRECTED** to provide Petitioner's personal belongings, including her immigration documents, directly to her immediately on release. If her belongings are not available immediately on release because they are not located at the facility in which she is currently held, the Government's counsel is **DIRECTED** to make them available to Petitioner's counsel for pickup within 48 hours of her release.

5. Nothing in this Order restrains or enjoins Respondents from re-detaining Petitioner under any other applicable authority.

6. No security bond is required for this injunction as the Court deems it unnecessary.

7. Petitioner is **DIRECTED** to notify her counsel should her place of residence change while her immigration proceedings are ongoing.

4

8. The Clerk is **DIRECTED** to enter judgment in favor of Petitioner and against Respondents and then to close the file.

9. The Clerk is **DIRECTED** to remove the restrictions and maintain on the public docket the main documents attached as Docs. 1, 2, and 8 only. The exhibits to those main documents must remain under restriction as they contain personally identifiable information.

10. The Court **RETAINS** jurisdiction to enforce the terms of this Order. If Petitioner is later detained under § 1226(a) and deprived of a timely hearing but not released as ordered herein, she may move to reopen this case without opening a new file.

11. The Court also **RETAINS** jurisdiction to consider the matter of fees and costs. *See* Local Rule 7.01.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 29, 2026.



ROY B. DALTON, JR.
United States District Judge

5